IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LA VINCE PATE, | CIVIL NO. 1:13-CV-2120 |
| Petitioner | (Judge Rambo) |
| v. | (Magistrate Judge Schwab) |
| TABB BICKELL, *et al.*, | |
| Respondents | |

## **M E M O R A N D U M**

Before the court is an April 13, 2015 report and recommendation (Doc. 43) of the magistrate judge to whom this matter is referred in which she recommends that Pate's petition for writ of habeas corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254 be dismissed. On April 24, 2015, Pate filed objections to the report and recommendation (Doc. 24). No response to the objections was filed. The matter is ripe for disposition.

**I.      Background**

Pate was convicted in 2009 by a jury in the Court of Common Pleas of Dauphin County of possession with intent to deliver a controlled substance, carrying a firearm without a license, and possession of drug paraphernalia. Pate exhausted all of his state court remedies.

**A.     Bases for § 2254 Petition**

Pate claims the following as the bases for his § 2254 petition: (1) the evidence was insufficient for the jury to find that he was in constructive possession of the contraband found in the vehicle and (2) counsel was ineffective by failing to (a) call a witness; (b) file a motion to suppress, and (c) to impeach the testimony of the driver of the vehicle in whose car the contraband was found.

### B.     Objections to the Report and Recommendation

Pate merely reiterates the arguments raised in his petition and does not address or refute the legal findings by the magistrate judge.

## II.     **Discussion**

The magistrate judge has correctly set forth the standards to be applied in addressing a petition filed pursuant to 28 U.S.C. § 2254; has correctly applied the standards to assess the sufficiency of the evidence, and has correctly applied the standards to assess competency of counsel.  Her discussion was thorough and correct.

Pate's objections go to the issues of incompetency of counsel as to the failure of counsel to call Tyesha Jones as a witness and the failure to file a motion to suppress.  Pate asserts that Jones would testify that earlier in the evening of the arrest, she did not observe Pate in possession of guns or contraband.  Pate does not address the fact that his being in a vehicle where the gun and drug paraphernalia were found is constructive possession.

Pate claims that counsel was ineffective for failure to file a motion to suppress because no one saw Pate in possession of the gun and no fingerprints were found on the gun.  Pate claims that because of this, the jury could not find constructive possession.  It is clear that Pate does not understand the theory of constructive possession.  As noted above, the magistrate judge thoroughly discussed constructive possession and concluded the jury's finding was correct.

**III.        Conclusion**

For the foregoing reasons, the court will adopt the report and recommendation of the magistrate judge. An appropriate order will be issued.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: May 19, 2015.